## Commonwealth v. Mellon Indemnity Corporation

*James H. Duff*, Attorney General, for Commonwealth.

*Hull, Leiby & Metzger*, for defendant.

RICHARDS, P. J., April 16, 1948.—This is an appeal by defendant from the settlement of its corporate net income tax for the year 1940, in the amount of $33.50.

By agreement of the parties the case was tried by the court without a jury. Testimony was taken and also submitted by stipulation. The case was duly argued and is now ready for disposition.

### Facts

Defendant is a domestic corporation, chartered under The Insurance Company Law of May 17, 1921, P. L. 682, 40 PS §382, as a casualty insurance company. Under its charter it is authorized to sell certain forms of casualty insurance and fidelity and surety bonds. It was licensed, however, to sell bonds only. During the year 1940, its sole business consisted of the sale of surety bonds.

The tax in question was settled under the provisions of the Corporate Net Income Tax Act of May 16, 1935, P. L. 208, as amended and reënacted by the Corporate Net Income Tax Act of May 5, 1939, P. L. 64, 72 PS §3420a, et seq. Defendant, under protest, paid the tax in full. Interest in the amount of $7.54 was also settled against it, and paid.

### Question Involved

Is defendant subject to the tax under the Act of 1939, supra?

### Discussion

The Act of May 16, 1935, P. L. 208, was reënacted and amended by the Act of April 8, 1937, P. L. 227, and by the Act of May 5, 1939, P. L. 64. Each of these acts imposed a tax on "certain corporations". Each act contained a statutory definition of "corporation". The tax was imposed only on corporations falling within the definition. The Act of 1939 provides:

"The word 'corporation' shall not include building and loan associations, banks, bank and trust companies, national banks, savings institutions, trust companies, title insurance companies, beneficial life and limited life insurance companies, mutual life, mutual

casualty and mutual life insurance companies, and *foreign stock companies registered in this Commonwealth and therein engaged in doing business as life, fire, and casualty insurance companies, and surety companies."*

The part we have italicized gives rise to the present controversy. Defendant contends that the exclusion extends to all surety companies, foreign and domestic. The Commonwealth contends that it extends to foreign surety companies only.

Had the legislature intended the exclusion to apply to all surety companies, it could have made its intent clear by including surety companies in what precedes the italicized part. Since it twice amended the act and left surety companies in the present position, we must assume that it intended surety companies to be qualified by the same words which qualify life, fire and casualty insurance companies. These qualifying words are: "foreign stock companies registered in this Commonwealth and therein engaged in doing business". This restricts the exclusion to (1) foreign stock companies who are (2) registered in this Commonwealth and (3) doing business there, as (4) a life insurance company or as (5) a fire insurance company or as (6) a casualty insurance company or as (7) a surety company. There is no requirement that the qualifying company be engaged in all or more than one of said businessses. The exclusion applies when the company is a foreign stock company registered in Pennsylvania and engaged in any one of the four businesses named. The word "and" before surety companies merely adds a fourth type of business to those in which a registered foreign stock company may engage. This interpretation conforms to what has been the practice of the taxing officials.

Were it to be held that the exclusion applies to domestic companies selling surety bonds, another diffi-

culty would arise. Under the Pennsylvania law there appears to be no statute relating to the incorporation of a surety company as such, although this may be possible under the laws of other States or countries. Consequently a Pennsylvania company must be incorporated as a casualty insurance company in order to qualify to sell fidelity or surety bonds. After incorporation the company may be licensed to sell casualty insurance *and* bonds, or be licensed to sell bonds only. In common parlance a surety company is one which sells surety bonds. This is true whether it sells insurance and bonds or sells bonds alone. Hence the term "casualty insurance company" and "surety company" are overlapping and not mutually exclusive. It has been the administrative practice to tax the net income of domestic stock casualty companies even though they sell bonds and are therefore engaged in business as a surety company. We believe this practice to be correct. If it were held that a domestic casualty company which sells bonds only, and which therefore operates as a surety company, is excluded from the taxable class, an inequality of taxation would result among such domestic companies. We do not believe that the legislature had any such intent.

It is our conclusion that domestic stock surety companies are not in the excluded class.

### Conclusions of Law

1. A domestic stock company which is engaged in selling surety bonds is not excluded from the taxable class under the Act of 1939, supra.

2. Defendant is liable for corporate net income tax for the year 1940.

3. The corporate net income tax of defendant, and the interest thereon, were properly settled for that year.

4. Defendant has paid tax and interest in full in the total sum of $41.04.

5. The Commonwealth is not entitled to any additional interest but is entitled to an Attorney General's commission at the rate of five percent upon the amount of the settlement, $33.50, since defendant did not admit that any part of the tax was due.

## Nisi Order

And now, to wit, April 16, 1948, judgment is entered in favor of the Commonwealth and against defendant in the sum of $41.04, tax and interest, all of which has been fully paid. In addition, judgment shall be entered in favor of the Commonwealth and against defendant for the Attorney General's commission in the amount of $1.68. The prothonotary is directed to notify the parties or their counsel of this decree forthwith.

## OPINION SUR EXCEPTIONS

RICHARDS, P. J., July 5, 1949.—This case comes before the court on exceptions to the opinion and decree nisi. Forty exceptions have been filed. They relate to the findings of fact and conclusions of law, and to the failure to make certain suggested findings of fact and conclusions of law. At the argument, counsel for defendant repeated the contentions previously made, but, as we view the matter, he added nothing new.

The opinion of the trial judge was based upon well known principles of grammatical and statutory construction. Defendant particularly stresses its view that surety companies are excluded from the taxable class rather than exempted therefrom. This position is important to defendant because if an exclusion exists the act must be strictly construed against the Commonwealth and the taxpayer must be given the benefit of any doubt. However, if an exemption exists, the rule is to the contrary.

The Act of May 16, 1935, P. L. 208, was reënacted and amended by the Act of May 5, 1939, P. L. 64. The title was amended, and the definition of corporation

contained in section 2. Examination of these two amendments reveals that title insurance companies were removed from the statutory definition of corporations liable under the act to pay the tax imposed. To give notice of this change, there was inserted in the title the phrase "exempting title insurance companies". The legislature thus explicitly characterized the immunity from taxation as an "exemption". Since title insurance companies and surety companies are both mentioned in the same sentence, and both are eliminated from the taxable class, it would seem to be illogical to hold that title insurance companies are exempted, but surety companies are excluded.

The Act of May 16, 1935, here involved, was before the Supreme Court in Turco Paint and Varnish Co. v. Kalodner et al., 320 Pa. 421. The opinion in that case states (pp. 431, 433) :

"Plaintiff also contends that the act, in excluding from its operation building and loan associations . . . and the like, violates the provision of our Constitution forbidding exemption of property from taxation.

.   .   .   .   .   .   .   .   .

"Here the general mass (corporations) are named for taxation and the specific companies that could be separately taxed are *exempted.*" (Italics supplied.)

The Act of June 20, 1947, P. L. 745, imposed a mercantile tax on certain occupations and businesses. Section 1(4) provided that the taxable class "shall not include" mechanics selling their own goods on their own premises. Mr. Justice Horace Stern, speaking for the Supreme Court, stated:

"The Act covers generally all 'vendors, or dealers in goods, wares and merchandise'; it *exempts* only . . . 'any mechanic who keeps a store . . . etc'." McGuire et al. v. Pittsburgh School District, 359 Pa. 602, 605. (Italics supplied.)

The same phrase "shall not include" is used in the act with which we are dealing. If there is an exemption in one case, there should be in the other. Accordingly, we held that the act exempts certain corporations from taxation, and that the burden is upon defendant to show that it is in the class exempted. We likewise hold that it has not demonstrated such exemption in the present case.

Defendant, of course, would like to have us construe the act as exempting or excluding both domestic and foreign surety companies from the taxable class. Our former opinion gives our reasons for not doing so. It is not disputed that corporations may be classified for purposes of taxation, and that a reasonable classification must be sustained. One who charges an improper classification has the burden of establishing it. There is nothing in the present record, in our opinion, indicating an unreasonable or improper classification. The fact that exempting both domestic and foreign surety companies might be a proper classification and would result in no inequality of taxation between them, is not the test of the propriety of the present classification. The classification is a matter of legislative policy which will not be upset except for good reasons. The legislature is not bound to search the statutes of the world and exhibit differences between domestic and foreign surety companies in order to justify the classification. There is a presumption of constitutionality. The burden is upon defendant to demonstrate the impropriety of the classification or the unconstitutionality of the result. We repeat, the record is devoid of any evidence establishing these facts.

There is more that might be said, but we think we have said enough. We conclude that there is no merit in any of the exceptions.

*Final Decree*

And now, to wit, July 5, 1949, each of the exemptions is dismissed. Judgment is directed to be entered as provided in the decree nisi.